IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Lyudvig Khaimov,

Petitioner,

v.

Enrique M Lucero, et al.,

Respondents.

No. CV-17-02249-PHX-GMS (ESW)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE G. MURRAY SNOW: UNITED STATES DISTRICT COURT JUDGE:**

On July 11, 2017, Lyudvig Khaimov ("Petitioner") filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1).  Petitioner, who is a Russian citizen, challenges his continued detention by Immigration and Customs Enforcement ("ICE") pending removal to Russia pursuant to a final removal order.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months).

In its March 29, 2018 Order (Doc. 11), the Court noted that the ICE Online Detainee Locator System does not reflect that Petitioner is currently in ICE custody.  The Court required Petitioner to show cause by April 13, 2018 why this case should not be dismissed as moot.  (*Id.*).  The Order was returned to the Court as undeliverable with no forwarding information provided.  (Doc. 12).

On April 12, 2018, Respondent filed a Supplemental Response (Doc. 13) indicating that Petitioner was released from ICE custody on September 26, 2017 under an Order of Supervision.    Respondent states that ICE does not have knowledge of Petitioner's home address for mailing.  (*Id.* at 1).  Respondent requests the Court to dismiss the case as moot.  (*Id.*).

"A petitioner's release from detention under an order of supervision moot[s] his challenge to the legality of his extended detention."  *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (internal quotation marks and citations omitted).  In addition, the Court issued an Order on August 14, 2017 that directed Petitioner to file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure if his addresses changes.  (Doc. 5 at 2).[1]  The Court warned Petitioner that "[f]ailure to comply may result in dismissal of this action."  (*Id.*).  Despite release from custody, Petitioner has not filed a notice of change of address.

In light of the foregoing,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to

---

[1] It is assumed that Petitioner received this Order (Doc. 5) as it was not returned to the Court as undeliverable.

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.    *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 25th day of April, 2018.

Eileen S. Willett
United States Magistrate Judge